**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2398
_____

LUIS CRUZ-DIAZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(Agency No. A088-137-256)
Immigration Judge: Annie S. Garcy

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on April 28, 2023

Before: JORDAN, KRAUSE, and BIBAS, *Circuit Judges*

(Filed: April 28, 2023)

_____

OPINION[*]

_____

BIBAS, *Circuit Judge*.

Luis Cruz-Diaz is a native and citizen of Mexico. There, in 2007, two gang members claiming to be police officers tried to kidnap him from a restaurant. For the next week or two, men called his mother, demanding money and threatening to kill her and Cruz-Diaz's whole family. To avoid the danger, he entered the United States illegally.

---

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

In 2017, the federal government charged Cruz-Diaz as removable. He conceded removability but sought withholding of removal and protection under the Convention Against Torture. An immigration judge denied his requests and ordered him removed, and the Board of Immigration Appeals dismissed his appeal. He now petitions for review, but we will deny it.

We review the Board's decision as well as only those parts of the judge's decision on which the Board relied. *Camara v. Att'y Gen.*, 580 F.3d 196, 201 (3d Cir. 2009). We review factual findings for substantial evidence, deferring to them unless no reasonable judge could have made such a finding. *Id.*; *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

In seeking withholding, Cruz-Diaz claimed that he feared persecution as a member of a "particular social group": "Mexican elites or successful business owners who are removed from the United States to Mexico." 8 U.S.C. §1231(b)(3)(A); AR 33. The Board, following the judge, rejected that group as not particular enough because its boundaries are too fuzzy. That holding was proper. *In re A-M-E- & J-G-U-*, 24 I. & N. Dec. 69, 76 (BIA 2007) (reasoning that terms like wealth and affluence are not particular enough), *quoted in Valdiviezo-Galdamez v. Att'y Gen.*, 663 F.3d 582, 600 (3d Cir. 2011).

Cruz-Diaz stresses that his Mexican-gang expert testified that Mexican society recognizes returning deportees as a group. But that testimony shows only that deportees are socially distinct; it does nothing to make the boundaries of Cruz-Diaz's proposed group clear.

Because Cruz-Diaz's proposed group lacks particularity, his withholding claim fails. So the Board did not have to address past persecution or his failure to bring in a witness to corroborate the restaurant incident.

His Convention claim likewise fails. The immigration judge found that, though Cruz-Diaz's mother never paid the extortioners, she was never harmed, nor was he. So, the judge reasoned, he was not likely to be tortured. The Board properly upheld that finding. Cruz-Diaz insists that the judge should instead have heeded his expert on Mexican gangs. But as the judge found, that generalized testimony was not enough to show that Cruz-Diaz *himself* would more likely than not be targeted and tortured. Because the agency's denial of withholding and Convention relief rested on substantial evidence, we will deny the petition.